UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI GHAFOURI,<br><br>    Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,<br><br>    Respondents. | Case No.: 3:25-cv-02675-RBM-BLM<br><br>**ORDER TO SHOW CAUSE AND GRANTING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. 2] |

On October 8, 2025, Petitioner Ali Ghafouri ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) The same day, Petitioner filed a Motion for Appointment of Counsel (Doc. 2) and a Notice of Motion and Memorandum of Law in Support of a Temporary Restraining Order ("TRO") (Doc. 3). In his Petition, Petitioner claims he is being detained by United States Immigration and Customs Enforcement ("ICE") in violation of the Fifth Amendment's Due Process Clause, as well as regulatory and statutory procedural safeguards. (Doc. 1 at 2, 8–20.)[1]

---

[1] The Court cites the CM/ECF pagination unless otherwise noted.

1

### I.   ORDER TO SHOW CAUSE

Having reviewed the Petition and the accompanying TRO, the Court finds summary dismissal of the Petition is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.") (citation omitted).

Accordingly, Respondents are **ORDERED TO SHOW CAUSE** on or before **October 20, 2025 at 4:30 p.m.** as to why the Petition should not be granted by: (1) filing a written response; (2) making a recommendation regarding the need for an evidentiary hearing on the Petition; and (3) filing copies of all documents or evidence identified below or otherwise relevant to the determination of the issues raised in the Petition and the TRO. Petitioner may file a reply on or before **October 24, 2025 at 4:30 p.m.** The matter will be deemed under submission at that time and the Parties shall await further order from the Court.

As exhibits to the Response, the Court **ORDERS** Respondents to file copies of the following documents or evidence, to the extent such copies exist:

1. Any documents or evidence reflecting the Government's determination that Petitioner's release should be revoked.
2. The Notice of Revocation of Release, if any, issued to Petitioner.
3. Any documents or evidence otherwise indicating whether Petitioner received notice of the reasons for the revocation of his release.
4. Any documents or evidence indicating the Government conducted an informal interview in which Petitioner was allowed to respond to the reasons for the revocation of his release.
5. Any documents or evidence indicating that Petitioner was otherwise provided with an opportunity to be heard.
6. Any documents or evidence reflecting the Government's efforts to obtain travel documents for Petitioner prior to his arrest.

1  To maintain the status quo, Respondents, their officers, agents, servants, employees, attorneys, and other persons who act in concert or participation with Respondents **SHALL NOT** transfer Petitioner outside of the Southern District of California pending the Court's resolution of the Petition.

Moreover, the Clerk of the Court is **DIRECTED TO TRANSMIT** a copy of the Petition (Doc. 1), the Motion for Appointment of Counsel (Doc. 2), the TRO (Doc. 3), and this Order to the United States Attorneys' Office.

## II.    MOTION FOR APPOINTMENT OF COUNSEL

Petitioner moves this Court to appoint Federal Defenders of San Diego, Inc. ("Federal Defenders") as his counsel. (Doc. 2 at 1.)

"Whenever the United States magistrate judge or the [C]ourt determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citations omitted). The appointment of counsel is left to the sound discretion of the Court. *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1181–82 (9th Cir. 1990).

In his Motion for Appointment of Counsel, Petitioner states he has no savings, he is the sole provider for his family, and his fiancée has sold two cars to pay the bills while he has been in ICE custody. (Doc. 2 at 3.) Petitioner has therefore sufficiently alleged he cannot afford to hire counsel.

Petitioner also asserts he "has a strong claim for release under *Zadvydas v. Davis*, 533 U.S. 678 (2001)" but *Zadvydas* cases are complex and often require an evidentiary hearing. (*Id.* at 1.) Petitioner claims that he lacks legal education and unrestricted access to the internet to contend with the complex legal issues implicated in *Zadvydas* cases, like his, which are "grounded in constitutional law, statutory interpretation, administrative

procedure, [ ] habeas law," and immigration law. (*Id*. at 5–6.) Indeed, as Petitioner correctly notes (*id*. at 2), Federal Defenders is routinely appointed to represent noncitizens in similar immigration habeas proceedings. *See Bui v. Warden of the Otay Mesa Detention Facility*, Case No. 3:25-cv-02111-JES-DEB, ECF No. 7 (S.D. Cal. Sept. 11, 2025); *Hersi v. Mayorkas*, Case No. 3:24-cv-0299-JES-DDL, ECF No. 8, (S.D. Cal. April 8, 2024); *Severino-Zuniga v. Att'y Gen.*, Case No.: 17-cv-0529-AJB-KSC, 2017 WL 9916027, at *2 (S.D. Cal. July 6, 2017); *Chen v. Napolitano*, No. 09cv563-IEG-NLS, 2009 WL 857628, at *1 (S.D. Cal. Mar. 27, 2009); *Liu v. Chertoff*, Civil No. 07CV1654 JAH (RBB), 2007 WL 2429754, at *3 (S.D. Cal. Aug. 24, 2007); *Castrillon v. Dep't of Homeland Sec.*, CASE NO. 05CV1552-BEN (NLS), 2006 WL 8448314, at *2 (S.D. Cal. Jan. 31, 2006). Thus, Petitioner has adequately shown that he cannot "articulate his claims" without counsel. *See Weygandt*, 718 F.2d at 954; *see, e.g.*, *Phan v. Warden*, Case No. 25-cv-2369-AJB, ECF Nos. 5, 8 (S.D. Cal. Sept. 25, 2025) (appointing counsel for a habeas petitioner in the immigration context whose claims implicated 8 U.S.C. § 1231(a)(6), *Zadvydas*, and 8 C.F.R. § 241.13(i)(2)).

Accordingly, the Court **GRANTS** Petitioner's Motion for Appointment of Counsel (Doc. 2). Given the organization's expressed willingness to represent him in this matter (*see id.* at 10–11), the Court appoints Federal Defenders of San Diego, Inc., to represent Petitioner.

**IT IS SO ORDERED.**

DATE: October 16, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE